DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Denny Fetter, appeals from his convictions in the Wayne County Court of Common Pleas for involuntary manslaughter and having a weapon while under a disability. We affirm.
 I. {¶ 2} On January 23, 2002, the Wayne County Grand Jury indicted Mr. Fetter on two separate counts: (1) involuntary manslaughter, in violation of R.C. 2903.04(B); and (2) having a weapon while under a disability, in violation of R.C. 2923.13. The involuntary manslaughter count also carried a firearm specification. A jury trial followed. At the conclusion of the State's case and of his case, Mr. Fetter moved for an acquittal pursuant to Crim.R. 29; however, these motions solely addressed the having a weapon while under a disability count. The trial court denied the motion for an acquittal in both instances. The jury found Mr. Fetter guilty of both counts, and the trial court sentenced him accordingly. Mr. Fetter did not perfect a timely appeal; nevertheless, he moved for leave to file a delayed appeal. This court granted Mr. Fetter leave to file a delayed appeal. On appeal, Mr. Fetter asserts four assignments of error for review. To facilitate review, we will address assignments of error one and two together.
 II. A. First Assignment of Error
"THE TRIAL COURT VIOLATED [MR.] FETTER'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT FOUND HIM GUILTY OF INVOLUNTARY MANSLAUGHTER, IN THE ABSENCE OF COMPETENT AND CREDIBLE EVIDENCE. FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION. * * *"
 Second Assignment of Error
"THE TRIAL COURT VIOLATED [MR.] FETTER'S RIGHT TO DUE PROCESS WHEN IT CONVICTED HIM OF INVOLUNTARY MANSLAUGHTER, WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION. * * *"
 {¶ 3} In his first and second assignments of error, Mr. Fetter challenges the adequacy of the evidence produced at trial. Specifically, Mr. Fetter avers that his conviction for involuntary manslaughter was based on insufficient evidence and was against the manifest weight of the evidence.[1] Mr. Fetter's assignments of error lack merit.
 {¶ 4} In order for a defendant to preserve the right to appeal the sufficiency of the evidence upon which his conviction is based, he must timely file a Crim.R. 29 motion for acquittal with the trial court. Statev. Liggins (Aug. 18, 1999), 9th Dist. No. 19362. See, also, State v. Roe
(1989), 41 Ohio St.3d 18, 25. As such, a defendant's failure to make a Crim.R. 29 motion constitutes a waiver of any challenge to the sufficiency of the evidence on appeal. See Liggins, supra. See, also,State v. Thomas (July 20, 1993), 4th Dist. No. 1922 (finding that the defendant, who was found guilty of failing to obey a traffic control device, waived any argument regarding the sufficiency of the evidence due to his failure to move for a judgment of acquittal pursuant to Crim.R. 29(A)).
 {¶ 5} In the instant case, we find that Mr. Fetter moved for an acquittal that solely addressed the charge of having a weapon while under a disability. As Mr. Fetter failed to raise the motion in regard to the involuntary manslaughter charge, he has waived any error regarding the sufficiency of the evidence presented at trial and, consequently, he may not challenge the sufficiency of the evidence on appeal as to this charge.
 {¶ 6} We now turn to Mr. Fetter's second assignment of error. "[A] manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 7} Mr. Fetter was found guilty of involuntary manslaughter, in violation of R.C. 2903.04(B). This provision provides, in relevant part, "[n]o person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a misdemeanor of any degree[.]" R.C. 2903.04(B). The underlying misdemeanor alleged by the State was using a weapon while intoxicated, in violation of R.C.2923.15.[2] R.C. 2923.15 states, "[n]o person, while under the influence of alcohol or any drug of abuse, shall carry or use any firearm or dangerous ordnance."
 {¶ 8} Officer Thomas Webber and Officer Donald Hall testified that they responded to a call concerning a shooting that occurred on January 19, 2002. They further testified that when they arrived at the scene of the crime, they discovered Brannon Snyder ("Snyder"), the victim, lying on the ground. Officer Hall stated that he asked Snyder who had shot him, but that Snyder was unable to speak. Officer Hall noted that the injury appeared to be a shotgun wound; particularly, it appeared as though the load punctured Snyder's chest.
 {¶ 9} Detective William Hofer testified that he investigated the shooting of Snyder. He indicated that he received a tip regarding the possible location of the weapon, and that he proceeded to that location. Detective Hofer stated that he discovered a Mossberg 12-gauge shotgun, and that in its chamber he recovered a "spent" 12-gauge shell and a live round. He further stated that he spoke with Mr. Fetter, and that Mr. Fetter initially asserted that he was not at the scene of the crime. Detective Hofer asserted that Mr. Fetter also denied shooting Snyder, but that Mr. Fetter admitted that he owned a shotgun. He explained that he spoke with Mr. Fetter on another occasion, and, during this second meeting, Mr. Fetter admitted that he had shot Snyder. Detective Hofer finally stated that Mr. Fetter acknowledged that he had been drinking on the day of the incident; specifically, he had drunk wine and ten beers.
 {¶ 10} Officer Matthew Cruise testified that he participated in the investigation of the shooting. He further testified that a garbage can was discovered in the house where the shooting occurred, and that it was filled with beer cans.
 {¶ 11} Wayne Lennox ("Lennox") testified that on January 19, 2002, Mr. Fetter had drunk beer. He further testified that later that day Kristi Wise ("Wise"), Mr. Fetter's daughter, and Snyder came to the house. Lennox asserted that Wise and Snyder eventually went upstairs. He indicated that Mr. Fetter started "messing around" with a shotgun, and that Mr. Fetter later said, "I'm gonna mess with [Snyder's] head[.]" He explained that Mr. Fetter then proceeded upstairs with the shotgun. Lennox further explained that he heard a loud "crack," and that Wise stated, "he shot him[.]" He testified that he went upstairs and saw Mr. Fetter holding the shotgun and Snyder lying on the floor in the fetal position.
 {¶ 12} Dr. P.S. Sreenivasa Murthy, the Chief Deputy Coroner for Wayne County, testified that Snyder sustained a "very prominent shotgun wound[.]" Dr. Murthy explained that the load caused massive damage to his lungs and ruptured his heart. Dr. Murthy stated that Snyder died as a result of a massive hemorrhage.
 {¶ 13} Following the State's witnesses, Mr. Fetter testified. Mr. Fetter stated that he did not know how much he had drunk on January 19, 2002; however, he did state that it was "too much." Mr. Fetter acknowledged that he was drunk, and further explained that the shooting occurred "`[c]ause [he is] a[n] idiot * * * stupid drunk[.]" Finally, Mr. Fetter admitted that he initially denied any involvement in the shooting when he spoke to the police; he did assert that he subsequently informed the police that he had been involved in the shooting.
 {¶ 14} After a careful review of the record, we are unable to conclude that the trier of fact lost its way and created a manifest miscarriage of justice when convicting Mr. Fetter of involuntary manslaughter. Consequently, Mr. Fetter's conviction was not against themanifest weight of the evidence. Accordingly, Mr. Fetter's first and second assignments of error are overruled.
 B. Third Assignment of Error
"THE TRIAL COURT VIOLATED [MR.] FETTER'S RIGHT TO DUE PROCESS, AND ERRED AS A MATTER OF LAW, WHEN IT SENTENCED HIM TO A MAXIMUM PRISON TERM WITHOUT MAKING THE REQUISITE STATUTORY FINDINGS. FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I
OF THE OHIO CONSTITUTION. * * *"
 {¶ 15} In his third assignment of error, Mr. Fetter avers that the trial court erroneously sentenced him to the maximum term for the violation of having a weapon while under a disability without setting forth the requisite findings, pursuant to R.C. 2929.14(C) and R.C.2929.19(B)(2)(d), to support this sentence. For the reasons that follow, we find this assignment of error moot.
 {¶ 16} On July 3, 2002, the trial court sentenced Mr. Fetter to (1) a four-year term for involuntary manslaughter; (2) a consecutive three-year term for the firearm specification; and (3) a concurrent one-year term for having a weapon while under a disability. The trial court also granted Mr. Fetter a 56-day credit for time spent in custody. As the record does not indicate that his sentence had been stayed, we conclude that Mr. Fetter began serving his sentence. Accordingly, Mr. Fetter has served approximately 15 months of his seven-year sentence.
 {¶ 17} An appellant who has completed his sentence may not challenge the length of the sentence imposed unless he also challenges the underlying conviction. State v. Beamon, 11th Dist. No. 2000-L-160,2001-Ohio-8712, citing State v. Blivens (Sept. 30, 1999), 11th Dist. No. 98-L-189. See State v. Barcomb, 8th Dist. No. 80196, 2002-Ohio-4435, at ¶ 8; State v. Moore, 7th Dist. No. 00AP0741, 2002-Ohio-5047; Statev. Howell, 5th Dist. No. 2001CA00346, 2002-Ohio-3947, at ¶ 18. If an appellant has failed to challenge the underlying conviction, the assigned error as to the length of the sentence is moot. Beamon, supra. SeeHowell at ¶ 18. The reason an appellant may not solely challenge the length of the sentence is that "[i]f an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." Id.
 {¶ 18} In the instant case, Mr. Fetter was ordered to serve a one-year term for having a weapon while under a disability concurrently with the four-year term for involuntary manslaughter. Mr. Fetter has served approximately 15 months, which exceeds one year; accordingly, we conclude that Mr. Fetter has satisfied his sentence relating to his conviction for having a weapon while under a disability. We note that Mr. Fetter has not challenged the conviction for having a weapon while under a disability. As Mr. Fetter failed to challenge the underlying conviction, he is unable to raise as error the trial court's imposition of the maximum sentence. Consequently, this error is now rendered moot, and Mr. Fetter's third assignment of error is overruled. See Beamon, supra.
 C. Fourth Assignment of Error
"[MR.] FETTER'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED. SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION10, ARTICLE I OF THE OHIO CONSTITUTION. * * *"
 {¶ 19} In his fourth assignment of error, Mr. Fetter contends that he was denied effective assistance of counsel, in violation of the United States and Ohio Constitutions, due to his counsel's failure to move for an acquittal pursuant to Crim.R. 29 in regard to the involuntary manslaughter charge. Mr. Fetter's contention lacks merit.
 {¶ 20} The United States Supreme Court enunciated a two-part test to determine whether counsel's assistance was ineffective as to justify a reversal of sentence or conviction. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674. "First, the defendant must show that counsel's performance was deficient." Id. To show the deficiencies in counsel's performance, a defendant must prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, a defendant must establish that counsel's deficient performance resulted in prejudice to the defendant which was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 21} Although "it is customary for defense counsel to make a motion for acquittal as a matter of course to test the sufficiency of the state's evidence, the failure to follow that course of action [does] not mean the performance of a defendant's trial counsel fell below a reasonable standard of representation." (Citation omitted.) State v.Scott, 6th Dist. No. S-02-026, 2003-Ohio-2797, at ¶ 21, citing Statev. Jenkins (Mar. 31, 1998), 6th Dist. No. L-97-1303. Despite this custom of raising a motion for acquittal, counsel is not required to raise meritless motions. See State v. Tibbetts (2001), 92 Ohio St.3d 146,164-165; State v. Bradley (2001), 91 Ohio St.3d 570, 571.
 {¶ 22} Mr. Fetter asserts that his trial counsel should have moved for an acquittal pursuant to Crim.R. 29 on the grounds that the State failed to present sufficient evidence to sustain a conviction for involuntary manslaughter. In resolving Mr. Fetter's second assignment of error, we concluded that his conviction for involuntary manslaughter was not against the weight of the evidence. As "a determination that [a] conviction is supported by the weight of the evidence [is] dispositive of the issue of sufficiency," we find that a motion for acquittal based on insufficient evidence would have been meritless. (Emphasis omitted). SeeState v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462; State v.Murphy, 4th Dist. No. 03CA12, 2003-Ohio-4939, at ¶ 21. Accordingly, the failure of Mr. Fetter's trial counsel to move for acquittal pursuant to Crim.R. 29 did not constitute ineffective assistance of counsel. Consequently, Mr. Fetter's fourth assignment of error is overruled.
 III. {¶ 23} Mr. Fetter's assignments of error one, two, three, and four are overruled. The convictions in the Wayne County Court of Common Pleas are affirmed.
Judgment affirmed.
Slaby, P.J., Carr, J. Concur.
[1] We note that Mr. Fetter has not challenged the adequacy of the evidence presented at trial concerning his conviction for having a weapon while under a disability.
[2] The State alleged attempted aggravated menacing, in violation of R.C. 2923.02(A), as an additional underlying misdemeanor. However, the jury found Mr. Fetter guilty of involuntary manslaughter predicated on the using a weapon while intoxicated misdemeanor.