[Cite as *State v. Velez*, 2014-Ohio-4328.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

ROGELIO VELEZ, III

    Appellant

C.A. No.    13CA010413

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CR084519

DECISION AND JOURNAL ENTRY

Dated: September 30, 2014

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant, Rogelio Velez, III, appeals from his convictions in the Lorain County Court of Common Pleas. This Court reverses.

I.

{¶2} On January 20, 2012, Mr. Velez was arrested in connection with several controlled buys that the Lorain Police Department conducted. Mr. Velez was taken to jail and did not post bond. On March 8, 2012, the grand jury indicted him on multiple counts of drug trafficking and possession, as well as several related offenses. Mr. Velez was not afforded a jury trial until May 22, 2013. The trial court sentenced him to a total of 20 months in prison.

{¶3} Mr. Velez now appeals from his convictions and raises two assignments of error for our review. For ease of analysis, we rearrange and consolidate several of the assignments of error.

II.

ASSIGNMENT OF ERROR II

IF THE SPEEDY TRIAL WAIVER IS DEEMED TO BE VALID AND NOT PROPERLY WITHDRAWN, THEN THE TRIAL COURT ERRED BY PERMITTING INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE APPELLANT'S ATTORNEYS NEVER FILED A WRITTEN PLEADING TO MEMORIALIZE HIS OBJECTIONS TO SPEEDY TRIAL WAIVER AND DEMAND TO HAVE A TIMELY TRIAL.

{¶4} In his second assignment of error, Mr. Velez argues that he received ineffective assistance of counsel. Specifically, he argues that he was prejudiced when his counsel failed to assert his statutory speedy trial rights. We agree.

{¶5} In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). "Therefore, in order to support an ineffective assistance claim on th[e] basis [that counsel failed to preserve the defendant's speedy trial rights], the defendant must show there was a valid basis for moving to dismiss based on a speedy trial violation and that such a motion would have affected the outcome." *State v. Morgan*, 9th Dist. Medina No. 07CA0124-M, 2008-Ohio-5530, ¶ 42.

{¶6} The right to a speedy trial is a fundamental right of a criminal defendant that is guaranteed by the United States and Ohio Constitutions. Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 10; *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 14. In Ohio, an accused has a statutory right to a speedy trial. *State v. Jackson*, 9th Dist. Lorain No. 11CA010012, 2012-Ohio-3524, ¶ 8. Speedy trial statutes "constitute a rational

effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor." *State v. Pachay*, 64 Ohio St.2d 218 (1980), syllabus. Accordingly, "[t]he prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute" and "[s]trict compliance with the statute is required." *Ramey* at ¶ 14. A person charged with a felony must be brought to trial within 270 days of his or her arrest and each day the accused is held in jail in lieu of bail will be counted as three days. R.C. 2945.71(C)(2); R.C. 2945.71(E). The accused's speedy trial clock begins to run on the day after arrest or service of summons. *State v. Szorady*, 9th Dist. Lorain No. 02CA008159, 2003-Ohio-2716, ¶ 12. "However, R.C. 2945.72 lists various events that will toll the running of the speedy-trial clock." *State v. Stevens*, 9th Dist. Lorain No. 11CA009995, 2012-Ohio-4095, ¶ 5. "In addition to meticulously delineating the tolling events, the General Assembly jealously guarded its judgment as to the reasonableness of delay by providing that time in which to bring an accused to trial 'may be extended only by' the events enumerated in R.C. 2945.72(A) through (I)." *Ramey* at ¶ 24, quoting R.C. 2945.72. Thus, the "'extensions are to be strictly construed, and not liberalized in favor of the state.'" *Ramey* at ¶ 24, quoting *State v. Singer*, 50 Ohio St.2d 103, 109 (1977).

{¶7} Mr. Velez was arrested on January 20, 2012, so his speedy trial time began to run on January 21, 2012. *See Szorady* at ¶ 12. He was not released on bond until early April 2013. Thus, until such time, each day he was incarcerated counted as three days for purposes of his speedy trial time. *See* R.C. 2945.71(E). On March 19, 2012, he filed a request for discovery and bill of particulars, thus tolling his speedy trial time. *State v. Miller*, 9th Dist. Lorain Nos. 10CA009922 & 10CA009915, 2012-Ohio-1263, ¶ 10. Additionally, on March 21, 2012, he filed a motion to unseal the affidavit in support of his search warrant. That filing constituted another

tolling event. *See* R.C. 2945.72(E) (delay necessitated by motion made by the accused tolls speedy trial time). *See also State v. Litteral*, 12th Dist. Fayette No. CA98-02-002, 1999 WL 969, *5 (Jan. 4, 1999) (motion to unseal affidavit warrant tolled speedy trial time until court ordered documents unsealed). From January 21, 2012, until March 19, 2012, 177 days elapsed for speedy trial purposes.

{¶8} It is not clear from the record when discovery was completed. On April 17, 2012, however, the trial court issued a journal entry stating: "[pretrial] continued pending decision on [Mr. Velez'] motion to unseal affidavit[] * * * At the defendant's request, Final pretrial set for 5/7/12 * * * Time continues to be tolled." The trial court granted the motion to unseal on April 20, 2012, but the pretrial remained scheduled for May 7, 2012. Mr. Velez has not argued that it was improper for the trial court to reschedule his pretrial for May 7th due to the pendency of his motion or that his speedy trial time began to run on April 20, 2012. *See* App.R. 16(A)(7). To the contrary, he concedes in his brief that his speedy trial time was tolled until May 7, 2012. Accordingly, as of May 7, 2012, Mr. Velez' speedy trial count remained at 177 days.

{¶9} On May 7, 2012, Mr. Velez signed a form document that contained a speedy trial waiver clause. Specifically, he signed the bottom of a form journal entry, dedicated to pre-trial matters. His signature appears on a signature line beneath the following typewritten text: "**DEFENDANT WAIVES STATUTORY TIME FOR SPEEDY TRIAL PURSUANT TO RC 2945.71 et. seq.**" (Emphasis sic.) The State argues that the foregoing document was a waiver of unlimited duration, as the journal entry Mr. Velez signed contained the preprinted waiver text and it failed to attribute a specific start date or end date to his waiver. *See State v. Bray*, 9th Dist. Lorain No. 03CA008241, 2004-Ohio-1067, ¶ 8 (speedy trial waiver that fails to mention any specific time period is a waiver of unlimited duration). The journal entry also

contains, however, the following handwritten notation: "Defense to file Motion to Suppress. *Time tolled*." (Emphasis added.) We note that, had Mr. Velez signed a waiver of unlimited duration, it would have been unnecessary to note that his speedy trial time was tolled due to his desire to file a motion to suppress. As the situation at hand demonstrates, simply including a boilerplate waiver of unlimited duration at the bottom of a form journal entry is problematic.

{¶10} Although an accused may waive his speedy trial rights, his waiver must be knowingly and voluntarily made. *State v. Peek*, 9th Dist. Wayne No. 10CA0040, 2011-Ohio-3624, ¶ 5, quoting *State v. King*, 70 Ohio St.3d 158, 160 (1994). The journal entry that Mr. Velez signed contains boilerplate information relative to pre-trial matters. The trial court routinely used the same form journal entry throughout these proceedings. When additional information needed to be included on a journal entry, someone handwrote the information in the white spaces between the lines of boilerplate, typed text. Each form ends with the same boilerplate waiver that Mr. Velez signed on May 7, 2012. The form does not contain an option for a waiver of limited duration. Nor does it explain what the effect of the waiver will be, if a defendant signs it. It is difficult to ascertain the function of a signed waiver when, as in this case, the handwritten information on the same form conflicts with the boilerplate waiver of unlimited duration. We need not address that concern here, however, as it does not change the result in this matter. For purposes of our discussion, we will assume that the waiver Mr. Velez signed was one of unlimited duration.

{¶11} This Court has held that, "[o]nce an accused has executed an express, written waiver of unlimited duration, [he] is not entitled to a discharge for delay in bringing him to trial unless [he] files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." (Internal quotation and citations omitted.)

*State v. Skorvanek*, 9th Dist. Lorain No. 08CA009399, 2009-Ohio-3924, ¶ 14. It is questionable whether Mr. Velez ever filed a formal written objection to the form waiver he signed.[1] However, even absent a formal written objection, we cannot automatically conclude that his argument fails as a result of the form waiver he signed. That is because he also has argued that his counsel was ineffective for failing to seek a withdrawal of the waiver. *Compare State v. Leslie*, 9th Dist. Lorain No. 01CA007791, 2002 WL 22878, *2 (Jan. 9, 2002). Thus, we still must determine whether, had his counsel formally objected to the waiver and insisted on going to trial, the result in this case would have been any different. *See Morgan*, 2008-Ohio-5530, at ¶ 42. Because a withdrawal of the waiver would have required the State to bring Mr. Velez to trial within a reasonable time, *see Skorvanek* at ¶ 14, the question is whether Mr. Velez was brought to trial within a reasonable time.

{¶12} Mr. Velez was not brought to trial until May 22, 2013, some 488 days after his arrest. He was incarcerated for that entire time period with the exception of a handful of days in April 2013 when he was released on bond and then arrested again for violating its conditions. There are numerous instances in the record where, after he signed the May 7, 2012 form waiver, Mr. Velez verbally indicated that he wanted to exercise his right to a speedy trial. For instance, at hearings conducted on August 27, 2012, March 4, 2013, and March 11, 2013, Mr. Velez asserted that he wanted his trial and that he had never waived his speedy trial rights. Notably, Mr. Velez was never told that he had waived his rights by signing the May 7th form waiver. Instead, both the State and the trial court referenced the existence of tolling events when responding to Mr. Velez. The trial court also cited various tolling events instead of the form

---

[1] The only portion of the record that could be construed as a formal written objection to the waiver Mr. Velez signed appears in an entry the court filed on June 26, 2012. On that entry, Mr. Velez' counsel handwrote "NO TIME WAIVER" and initialed the notation.

waiver in rescheduling Mr. Velez' trial date on multiple occasions. On at least one of those occasions, however, the trial court was incorrect about the existence of a tolling event. Specifically, on October 1, 2012, the court cancelled Mr. Velez' October 2, 2012 trial date and rescheduled it to November 14, 2012, "due to filing of Defendant's motions." At that time, however, Mr. Velez did not have any motions pending with the court.

{¶13} On another occasion, Mr. Velez was told that his trial had been delayed due to a request for discovery that his second appointed counsel had filed on July 16, 2012. At an August 27, 2012 hearing, Mr. Velez noted that the State still had not provided the discovery. The following exchange took place:

> THE DEFENDANT: I have yet to receive discovery, your Honor.
>
> THE COURT: You never asked for it before.
>
> THE DEFENDANT: I did ask for it before.
>
> THE COURT: You didn't ask for it before. Did you request it, [defense counsel]?
>
> [DEFENSE COUNSEL]: I have requested it. I've asked [the prosecutor] the status of it. She's indicated that she's going to provide it as soon as possible. Is that correct?
>
> [THE PROSECUTOR]: That's correct.
>
> THE DEFENDANT: And how soon is "as soon as possible," your Honor? I've been here seven months. I've been incarcerated seven months now.
>
> [THE PROSECUTOR]: Discovery had not been requested before now, your Honor.
>
> * * *
>
> [THE PROSECUTOR]: I can give it to him today or tomorrow.
>
> THE COURT: There you go. Today or tomorrow.

Yet, the State did not respond to the discovery request until September 17, 2012, one month after the hearing and more than two months after defense counsel had requested it. Moreover, both

the court and prosecutor were incorrect in informing Mr. Velez that he had never previously requested discovery. Mr. Velez requested discovery and a bill of particulars through his first appointed counsel in March 2012.

{¶14} In response to Mr. Velez' argument on appeal, the State cites a variety of journal entries, rescheduling his trial date, on which the signature of Mr. Velez' attorney appears. Because his attorney signed the entries, the State argues that those entries also constituted speedy trial waivers. The State relies upon *State v. McBreen*, 54 Ohio St.2d 315 (1978). Yet, the attorney in *McBreen* did not simply assent to an extended trial date; he affirmatively executed a waiver of his client's time provisions. *See McBreen* at 318. When counsel simply assents to an extended trial date, the continuance still must be reasonable. *See State v. Davis*, 46 Ohio St.2d 444, 449 (1976); *Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904, at ¶ 28.

{¶15} Having reviewed the entire record, we cannot conclude that Mr. Velez was brought to trial within a reasonable time. *See Skorvanek*, 2009-Ohio-3924, at ¶ 14. The court's October 1, 2012 entry, which was not signed by defense counsel, improperly attributed the need for a continuance to Mr. Velez and rescheduled his trial for a date that, by this Court's calculations, was beyond the 270 day period within which Mr. Velez had to be brought to trial. Moreover, Mr. Velez' trial did not even occur on the rescheduled date. It was several additional months before his trial occurred, in spite of Mr. Velez' repeated protests regarding the delay.

{¶16} Assuming that Mr. Velez signed a waiver of unlimited duration, Mr. Velez has established that he was prejudiced as a result of his counsel's failure to file a formal written objection to the form waiver that he signed. Further, we conclude that Mr. Velez has demonstrated ineffective assistance of counsel on the circumstances presented to us in this case. While filing an objection may be within the realm of trial tactics, we cannot agree that counsel's

failure to file an objection in this case constituted a tactical decision. *Compare State v. Shirey*, 9th Dist. Summit No. 22593, 2006-Ohio-256, ¶ 13. The record establishes that a lengthy delay occurred before Mr. Velez was brought to trial. Further, it establishes that Mr. Velez repeatedly asked for his trial. Given the specific facts before us, we agree with Mr. Velez' argument that his trial counsel was ineffective for failing to assert his statutory speedy trial rights.

{¶17} Generally, the remedy for one who establishes ineffective assistance of counsel is a new trial. *See, e.g., State v. Kole*, 92 Ohio St.3d 303, 308-309 (2001); *State v. Vargas*, 9th Dist. Lorain No. 89CA004665, 1990 WL 73642, *3 (May 30, 1990). Yet, "the remedy for the deprivation of an accused's right to a speedy trial is dismissal of the indictment; indeed, it is the only remedy possible." *State v. Grant*, 103 Ohio App.3d 28, 36 (9th Dist.1995). Because Mr. Velez' ineffective assistance of counsel claim stems from a violation of his speedy trial rights, that is the remedy that must be applied here. Upon remand, the indictment against Mr. Velez must be dismissed. Mr. Velez' second assignment of error is sustained.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY VIOLATING APPELLANT'S STATUTORY SPEEDY TRIAL RIGHTS UNDER ORC 2945.71.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY PERMITTING INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE APPELLANT'S ATTORNEYS NEVER MOTIONED TO DISMISS THE CHARGES BASED ON STATUTORY SPEEDY TRIAL.

{¶18} In his first assignment of error, Mr. Velez argues that the trial court erred by trying him in violation of his statutory speedy trial rights. In his third assignment of error, he argues that his trial counsel was ineffective for failing to file a motion to dismiss on the basis of his speedy trial rights. Based on our resolution of Mr. Velez' second assignment of error, his

first and third assignments of error are moot. We, therefore, decline to address them. *See* App.R. 12(A)(1)(c).

## III.

**{¶19}** Mr. Velez' second assignment of error is sustained. His remaining assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
DISSENTING.

{¶20} I respectfully dissent. Given the circumstances of this case, and the record before this Court, I cannot agree that trial counsel was ineffective.

{¶21} Velez executed a time waiver of unlimited duration in the trial court. He did not file a written objection and demand for trial. Accordingly, he is not entitled to dismissal of the indictment for delay in bringing him to trial. *State v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph two of the syllabus; *State v. Skorvanek*, 9th Dist. Lorain No. 08CA009399, 2009-Ohio-3924, ¶ 13-14.

{¶22} To avoid the effect of his waiver, Velez has argued that his trial counsel was ineffective for failing to withdraw his waiver. Notably, he has not identified which of his three attorneys were ineffective. Nor he has identified when one of his attorneys should have moved to withdraw his waiver. Notwithstanding his imprecision in identifying which attorney may have provided deficient performance, I do not believe Velez can establish prejudice – that his right to a speedy trial was violated.

{¶23} I agree with the majority that if Velez had moved, in writing, to withdraw his waiver, the State would have had to bring him to trial within a reasonable time. Velez signed his waiver while represented by his first attorney. That attorney filed various motions, including a motion to suppress that was set for hearing. Barely two months after he signed his waiver, Velez asked the trial court to appoint new counsel.

{¶24} The second attorney also filed several motions, including a discovery request. At the end of August, Velez orally informed the trial court he did not want to waive his right to a

speedy trial. If we were to treat that as a request to withdraw his waiver, I believe he was brought to trial in a reasonable time after that invocation of his right to a speedy trial. The reasonable time calculation should start from the date he filed the demand for trial, not the date of his arrest. *State v. Lee*, 9th Dist. Lorain No. 93CA005671, 1994 WL 122337, *3 (Apr. 13, 1994) (consider time from when he reasserted his right to a speedy trial and when he was brought to trial).

{¶25} Velez arguably withdrew his waiver at the end of August. In November, he moved the trial court to replace his second attorney. His third attorney filed several motions, including one that required a competency evaluation. In early March 2013, Velez asked to discharge his third attorney and represent himself. A month later, on the day set for trial, Velez changed his mind and asked the trial court to have his third attorney reassigned to represent him. Finally, Velez was tried in May.

{¶26} To determine whether a defendant was brought to trial within a reasonable time, this Court must consider four factors: the length of the delay, reason for the delay, assertion of the right, and resulting prejudice. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Here, the delay arguably extended from August to May; the delay was caused by Velez' motions, including three requests to change counsel; Velez asserted his right to a speedy trial; but he has shown no prejudice. On this last point, Velez has not claimed he was prejudiced in any way from the delay or that any of the motions filed by his attorneys were improper. This Court has also recognized that delays following the appointment of new counsel "cannot be said to have prejudiced appellant because they provided each new counsel time to prepare appellant's defense." *State v. Smith*, 9th Dist. Lorain No. 98CA007144, 1999 WL 1260872, *4 (Dec. 22, 1999), fn. 2.

**{¶27}** Because Velez was brought to trial within a reasonable time after he arguably reasserted his right to a speedy trial, he was not prejudiced. Velez has not specifically identified deficient performance and his prejudice argument fails, so he cannot demonstrate that any of his attorneys were ineffective.

**{¶28}** I would overrule Velez' first assignment of error because he entered an unlimited waiver of his right to a speedy trial. I would overrule his second and third assignments of error because it is not possible to determine from the record before this Court whether, and at which point, any of his counsel were ineffective.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.