[Cite as *State v. Chapman*, 2018-Ohio-1142.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MICHAEL CHAPMAN

    Appellant

C.A. No.    28626

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2016 01 0032

DECISION AND JOURNAL ENTRY

Dated: March 28, 2018

CALLAHAN, Judge.

{¶1}	Michael Chapman appeals from his conviction in the Summit County Common Pleas Court. This Court affirms.

I.

{¶2}	On December 17, 2015, Mr. Chapman and his brother were at Legends Sports Pub for a holiday gathering with some of his brother's co-workers. One of the co-workers, T.C., was transgender. Towards the end of the night, Mr. Chapman was involved in a fight in the bathroom. Mr. Chapman admits that he punched the victim, G.H., during that fight. He contends, however, that he acted in self-defense.

{¶3}	Mr. Chapman testified that, when he entered the bathroom, some people were in there, including one that he recognized. He continued that, while he was using the bathroom stall, he and that individual engaged in some "banter." Mr. Chapman recalled saying something "jokingly" like "don't let the tranny come in here when I'm in here." He further testified that,

when he was in the bathroom stall, a liquid was thrown over the stall wall and landed on his shoulder and thigh.

{¶4} According to Mr. Chapman, he was unaware that T.C. had entered the bathroom until he opened the stall door. At that point, T.C. asked him if he had "something against transgenders." Mr. Chapman stated that he responded, "no," and T.C. wanted to shake hands to show that they were "cool." He testified that he told T.C. that they were "cool," but declined shaking his hand because Mr. Chapman needed to wash his own hands.

{¶5} Mr. Chapman continued that, after he refused to shake T.C.'s hand, G.H. "reached around [T.C.] and shoved [Mr. Chapman]." Mr. Chapman testified that he then "gave [G.H.] the same shove [that G.H.] gave [him]." He continued that G.H. then came at him with a clenched fist, so he "just defensively jabbed him." Mr. Chapman stated that he tried to move around G.H., but G.H. came at him again with a closed fist, so he "popped him once [more]." He testified that he then exited the bathroom and told his brother that they needed to go because he "just got in a fight." Mr. Chapman's brother confirmed that, when Mr. Chapman exited the bathroom, he said simply that they needed to leave because "[he] got in a fight in the bathroom."

{¶6} The State's witnesses described the fight and Mr. Chapman's statement upon exiting the bathroom differently than Mr. Chapman and his brother did. T.C. testified that, when he entered the bathroom, Mr. Chapman yelled, "Is that that f***ing tranny[?]" According to T.C., Mr. Chapman then "came flying out of the stall at [him] and had [him] up against the wall." He testified that G.H. then got in between him and Mr. Chapman, told Mr. Chapman to calm down, and tried to separate them. According to T.C., Mr. Chapman told G.H. that "nobody tells me what the f*** to do" and, then, Mr. Chapman hit G.H. knocking him across the room.

T.C. testified that Mr. Chapman got on top of G.H. and hit him repeatedly, "probably 15, 16 times." T.C. further testified that he did not see G.H. push or try to punch Mr. Chapman.

{¶7} G.H. admitted that there were "holes in [his] memory" from that night. But, he remembered someone yelling something "along the lines of, where is this f'ing tranny? I'm going to kick his a\*\*." He recalled telling that person that "[n]obody needs to get in a fight." The next thing he remembered was getting knocked out and waking up on the bathroom floor.

{¶8} Another witness testified that he entered the bathroom after the verbal altercation started. He indicated that initially he tried to stay out of it. But, then he heard more of a commotion and turned and saw G.H. on the floor. He stated that he told Mr. Chapman that he thought G.H. "had enough." He testified that Mr. Chapman continued to punch G.H. "maybe a dozen" times. He further testified that Mr. Chapman finally "seemed to snap out of it" when he repeated "more deliberately" "hey, he's had enough."

{¶9} An individual who was not in the bathroom testified that he was talking with Mr. Chapman's brother when Mr. Chapman came out of the bathroom. He described Mr. Chapman's demeanor as "frantic." He testified that he heard Mr. Chapman tell his brother that they needed to leave because he "just \* \* \* beat the f\*\*\* out of [someone.]" Mr. Chapman's brother testified that he had spoken with this individual earlier in the evening, but he was not with him when Mr. Chapman returned from the bathroom.

{¶10} G.H. sustained multiple facial fractures and a broken jaw. As a result of his injuries, he required reconstructive surgery. He was on pain medications and a "no-chew" diet for a number of weeks. At the time of the trial, he continued to have problems with his speech and numbness in his face.

{¶11} Mr. Chapman was charged with second-degree felonious assault in violation of R.C. 2903.11(A)(1). Following a jury trial, Mr. Chapman was found guilty. Mr. Chapman appeals, raising three assignments of error. This Court addresses his first and second assignments of error together to facilitate the analysis.

II.

### ASSIGNMENT OF ERROR NO. 1

DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO MOVE FOR JUDGMENT OF ACQUITTAL UNDER CRIMINAL RULE 29.

### ASSIGNMENT OF ERROR NO. 2

THE EVIDENCE IN THIS CASE WAS INSUFFICIENT TO SUSTAIN THE CONVICTION UNDER A PLAIN ERROR STANDARD, THUS DENYING APPELLANT HIS RIGHT TO DUE PROCESS UNDER THE CONSTITUTION OF THE UNITED STATES.

{¶12} In his first assignment of error, Mr. Chapman argues that his trial counsel was ineffective because he did not move for an acquittal under Crim.R. 29. In his second assignment of error, Mr. Chapman argues that there was insufficient evidence to convict him because he acted in self-defense.

{¶13} To succeed on an ineffective assistance of counsel claim, the defendant must show both that counsel's performance was deficient and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficiency exists only if counsel's performance fell below an objective standard of reasonable representation. *See State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. The defendant bears the burden to overcome the strong presumption that counsel's performance was adequate or that counsel's actions were sound trial strategy. *State v. Edwards*, 9th Dist. Summit No. 24546, 2009-Ohio-3558, ¶ 6. To demonstrate prejudice, "the defendant must prove that there exists a reasonable

probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at paragraph three of syllabus.

{¶14} A sufficiency challenge presents a question of law and, therefore, is reviewed de novo. *See State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Although the standard of review is de novo, the appellate court does not resolve evidentiary conflicts or assess the credibility of witnesses as those functions belong to the trier of fact. *State v. Tucker*, 9th Dist. Medina No. 14CA0047-M, 2015-Ohio-3810, ¶ 7.

{¶15} Mr. Chapman was convicted of felonious assault in violation of R.C. 2903.11(A)(1). The statute prohibits "knowingly * * * [c]aus[ing] serious physical harm to another * * *." R.C. 2903.11(A)(1). Mr. Chapman does not contend on appeal that the State failed to prove any of the elements of this charge. Rather, he contends that he acted in self-defense.

{¶16} "Self-defense is an affirmative defense." *State v. Goff,* 128 Ohio St.3d 169, 2010-Ohio-6317, ¶ 36. The burden of proof for an affirmative defense is on the defendant, not the prosecution. R.C. 2901.05(A). "[T]he due process sufficient evidence guarantee does not implicate affirmative defenses." (Internal quotation marks and citation omitted.) *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 37. Proof supporting an affirmative defense is distinct from, and does not detract from, proof of the essential elements of the crime. *See id.* A sufficiency-of-the-evidence challenge concerns the prosecution's burden of production with respect to each element of the crime. *See Thompkins* at 390 (Cook, J., concurring). The

sufficiency-of-the-evidence standard is inapplicable when reviewing an affirmative defense, such as self-defense. *State v. Thomas*, 9th Dist. Summit No. 27266, 2015-Ohio-2935, ¶ 39.

{¶17} "Although it is customary for defense counsel to make a motion for acquittal as a matter of course to test the sufficiency of the state's evidence, the failure to follow that course of action [does] not mean the performance of a defendant's trial counsel fell below a reasonable standard of representation." (Internal quotation marks and citations omitted.) *State v. Fetter*, 9th Dist. Wayne No. 03CA0012, 2003-Ohio-5778, ¶ 21. "[C]ounsel's failure to make a Crim.R. 29 motion for acquittal is not ineffective assistance of counsel where such a motion would have been fruitless." *State v. McCroskey*, 9th Dist. Wayne No. 96CA0026, 1997 Ohio App. LEXIS 1276, *12 (Apr. 2, 1997).

{¶18} In his brief, Mr. Chapman emphasizes that "[t]he whole trial centered upon whether [his] admitted striking of [G.H.] was in self-defense." Given Mr. Chapman's admission and the evidence in support of the State's case in chief, counsel's apparent trial strategy was an attempt to prove the affirmative defense of self-defense. Moreover, Mr. Chapman has not demonstrated how the decision not to make a Crim.R. 29 motion prejudiced him. *See State v. Good*, 9th Dist. Wayne Nos. 10CA0056, 10CA0057, 2011-Ohio-5077, ¶ 26-28.

{¶19} Mr. Chapman's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED BY PERMITTING CROSS-EXAMINATION OF APPELLANT'S BROTHER, A MATERIAL WITNESS FOR THE DEFENSE, IN AN ATTEMPT TO BRAND HIM AS A BIGOT AGAINST TRANSGENDERS IN VIOLATION OF THE OHIO RULES OF EVIDENCE DENYING APPELLANT HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE CONSTITUTION OF THE UNITED STATES.

{¶20} In his third assignment of error, Mr. Chapman argues that the trial court erred in allowing the State to cross-examine his brother regarding a Facebook post.

{¶21} While under direct examination, Mr. Chapman's brother testified that their "brother-in-law's sister" is transgender. He further indicated that he and Mr. Chapman had known that individual for "at least six years" and there was no "angst or animosity" among them. On cross-examination, Mr. Chapman's brother again indicated that he had no issues with transgender people. The State then asked the brother to read a Facebook post that he had shared. The brother read the post and described the associated pictures as follows: "If you belong in this bathroom. * * * It is a picture of a male restroom. And if you follow my daughter or my wife into this bathroom sign – picture of a woman's bathroom – you're going to need this bathroom. And it's a picture of a handicapped sign."

{¶22} Defense counsel objected based on "[r]elevancy." The trial court overruled the objection. On appeal, Mr. Chapman argues that this portion of the cross-examination was improper under Evid.R. 616(A). Evid.R. 616 addresses methods of impeachment, and section (A) deals with bias.

{¶23} When a defendant fails to object at the trial level on the basis that he seeks to raise at the appellate court level, the issue is forfeited except for plain error. *State v. Tibbetts*, 92 Ohio St.3d 146, 161 (2001). Mr. Chapman, however, has not argued plain error under this assignment of error. When a defendant fails to undertake a plain-error analysis, this Court will not create an argument on his behalf. *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 41. *See also State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 2, 16-21 (declining to reach merits of claim where appellant failed to address the application of the plain-error rule).

{¶24} Mr. Chapman's third assignment of error is overruled.

III.

**{¶25}** Mr. Chapman's assignments of error are overruled. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JAMES L. BURDON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.