[Cite as *State v. Lauer*, 2023-Ohio-1076.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

STATE OF OHIO                                  C.A. No.       22AP0017

      Appellee

      v.                                      APPEAL FROM JUDGMENT
                                                   ENTERED IN THE

JOHN LAUER                                WAYNE COUNTY MUNICIPAL COURT
                                                     COUNTY OF WAYNE, OHIO

      Appellant                               CASE No.      2021 CRB 001524

DECISION AND JOURNAL ENTRY

Dated: March 31, 2023

---

FLAGG LANZINGER, Judge.

**{¶1}** John Lauer appeals his conviction for criminal mischief from the Wayne County Municipal Court. For the following reasons, this Court reverses and remands the matter for further proceedings consistent with this decision.

I.

**{¶2}** Mr. Lauer was charged with one count of criminal mischief in violation of R.C. 2909.07(A)(1)(a) as a result of an altercation he had with a roommate/tenant, the victim in this matter. The matter proceeded to a bench trial wherein the responding deputy, Deputy Brant Schafer from the Wayne County Sheriff's Office, testified on behalf of the State, and Mr. Lauer testified in his own defense. The victim did not testify, nor did he attend the trial. Relevant to this appeal, Mr. Lauer's trial counsel did not move for acquittal under Crim.R. 29 at the close of the State's case-in-chief.

{¶3}    After hearing the evidence, the trial court found Mr. Lauer guilty and sentenced him accordingly. Mr. Lauer now appeals, raising three assignments of error for this Court's review. For ease of consideration, this Court will address Mr. Lauer's assignments of error out of order.

II.

ASSIGNMENT OF ERROR II

LAUER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO INTRODUCTION OF HEARSAY STATEMENT AND FAILED TO MAKE A MOTION FOR ACQUITTAL.

{¶4}    In his second assignment of error, Mr. Lauer argues, in part, that his trial counsel rendered ineffective assistance by failing to move for acquittal under Crim.R. 29 at the end of the State's case-in-chief based upon the State's failure to identify him as the person who committed the offense. For the following reasons, this Court agrees.

{¶5}    "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prevail on a claim of ineffective assistance of counsel, Mr. Lauer must establish: (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, Mr. Lauer must show that there existed a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138. "Generally, the remedy for one who establishes ineffective assistance of counsel is a new trial." *State v. Velez*, 9th Dist. Lorain No. 13CA010413, 2014-Ohio-4328, ¶ 17, citing *State v. Kole*, 92 Ohio St.3d 303, 308-309 (2001).

{¶6}    Having set forth the law regarding ineffective assistance, this Court now turns to the law regarding Crim.R. 29, as well as the State's burden to prove identity in criminal cases. Crim.R. 29 provides that:

> The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

{¶7}    This Court has acknowledged that trial counsel's failure to move for acquittal under Crim.R. 29 does not amount to ineffective assistance where such motion would have been fruitless. *State v. Chapman*, 9th Dist. Summit No. 28626, 2018-Ohio-1142, ¶ 17; *compare State v. Denis*, 112 Ohio App.3d 397, 401-02 (6th Dist.1996) (holding that the defendant's trial counsel rendered ineffective assistance by not moving for acquittal under Crim.R. 29 at the end of the State's case-in-chief based upon the State's failure to prove an element of the offense). When analyzing a trial court's ruling on a defendant's Crim.R. 29 motion for acquittal, this Court's review is limited to the evidence presented in the State's case-in-chief. *State v. Steiner*, 9th Dist. Medina No. 21CA0045-M, 2022-Ohio-2088, ¶ 8, quoting *State v. Sutton*, 9th Dist. Medina No. 18CA0057-M, 2020-Ohio-2878, ¶ 14.

{¶8}    As previously noted, Mr. Lauer argues that his trial counsel rendered ineffective assistance by failing to move for acquittal under Crim.R. 29 at the end of the State's case-in-chief based upon the State's failure to identify him as the person who committed the offense. "The identity of a perpetrator must be proved by the State beyond a reasonable doubt." *State v. Jackson*, 9th Dist. Summit No. 28192, 2017-Ohio-635, ¶ 7. "Like any other element of an offense, identity may be established through direct or circumstantial evidence." *Id.*; *State v. Carter*, 9th Dist. Summit No. 27717, 2017-Ohio-8847, ¶ 10, quoting *State v. Missler*, 3d Dist. Hardin No. 6-14-06,

2015-Ohio-1076, ¶ 13 ("It is well settled that in order to support a conviction, the evidence must establish beyond a reasonable doubt the identity of the defendant as the person who actually committed the crime at issue."). As the Ohio Supreme Court has stated, "[a] witness need not physically point out the defendant in the courtroom as long as there is sufficient direct or circumstantial evidence proving that the defendant was the perpetrator." *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, ¶ 19. Courts have consistently held that "merely establishing that the defendant's name is the same as that of the alleged offender is insufficient to prove identity." *State v. Sandercock*, 11th Dist. Ashtabula No. 2017-A-0061, 2018-Ohio-2448, ¶ 13, quoting *State v. Bailey*, 2d Dist. Montgomery No. 27177, 2017-Ohio-2679, ¶ 18 (collecting cases); *State v. McCallister*, 3d Dist. Seneca No. 13-18-29, 2019-Ohio-744, ¶ 13 (same); *State v. Gray*, 7th Dist. Mahoning No. 09 MA 33, 2010-Ohio-2530, ¶ 7 (same).

{¶9} Here, during the State's case-in-chief, Deputy Schafer testified as to the interactions and conversations he had with the victim and "Mr. Lauer" (with no reference to Mr. Lauer's first name) on the date of the incident. At no point did Deputy Schafer—the State's only witness— identify Mr. Lauer as the defendant present in the courtroom, nor did the State present other evidence establishing Mr. Lauer's identity as the person who actually committed the offense. At most, the State established in its case-in-chief that Mr. Lauer has the same last name as that of the alleged offender, which is insufficient to prove identity. *Sandercock* at ¶ 13. Under these circumstances, this Court concludes that Mr. Lauer's trial counsel's performance fell below an objective standard of reasonable representation, and that his deficient performance prejudiced the defense because, had trial counsel moved for acquittal at the close of the State's case-in-chief, there is a reasonable probability that the trial court would have granted it based upon the State's failure to prove identity. *Compare Chapman*, 2018-Ohio-1142, at ¶ 17-18 (holding that the

appellant failed to establish that his trial counsel's failure to move for acquittal under Crim.R. 29 resulted in prejudice). While not dispositive of the issues before this Court, at the end of the trial, the trial court indicated on the record that the State failed to prove identity during its case-in-chief. The trial court also indicated that, had Mr. Lauer's trial counsel moved for acquittal under Rule 29 at that time, the trial court would have granted the motion.

{¶10}   In light of the foregoing, Mr. Lauer's second assignment of error is sustained.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED THE STATE'S WITNESS TO TESTIFY ABOUT HEARSAY STATEMENTS IN VIOLATION OF LAUER'S RIGHT TO CONFRONT THE WITNESS PROTECTED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

{¶11}  In his first assignment of error, Mr. Lauer argues that the trial court erred by allowing Deputy Schafer to testify as to the statements the victim made to him during his investigation, which, Mr. Lauer argues, constituted inadmissible hearsay. In light of this Court's resolution of Mr. Lauer's second assignment of error, Mr. Lauer's first assignment of error is moot and is overruled on that basis. *See* App.R. 12(A)(1)(c). In reaching this conclusion, this Court notes that Mr. Lauer's remaining assignment of error challenges the sufficiency of the evidence, and that the admission of hearsay—even if improper—does not affect that analysis. *State v. Meinke*, 9th Dist. Lorain No. 15CA010738, 2017-Ohio-7787, ¶ 10 (providing that this Court "consider[s] all the testimony regardless of any alleged error in its admission" when addressing the sufficiency of the evidence).

ASSIGNMENT OF ERROR III

LAUER'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE.

{¶12}   In his third assignment of error, Mr. Lauer argues that his conviction for criminal mischief was based upon insufficient evidence because the State failed to prove his identity as the person who committed the offense. Although this Court's resolution of Mr. Lauer's second assignment of error renders his first assignment of error moot, "we must still address his sufficiency challenge, as a reversal on sufficiency grounds would bar retrial." *State v. Owens*, 9th Dist. Summit No. 29098, 2019-Ohio-2206, ¶ 19. For the following reasons, this Court concludes that Mr. Lauer's third assignment of error lacks merit.

{¶13}   Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* As the Ohio Supreme Court has emphasized, in analyzing the sufficiency of the evidence, "[a]n appellate court must review '*all of the evidence*' admitted at trial." (Emphasis sic.) *Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, at ¶ 18, quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

{¶14}   R.C. 2909.07(A)(1)(a), under which Mr. Lauer was charged, provides that no person without privilege to do so shall "knowingly move, deface, damage, destroy, or otherwise improperly tamper with * * * [t]he property of another[.]" Mr. Lauer's challenge to the sufficiency of the evidence is based solely upon the State's failure to identify him as the person who damaged

the victim's property in its case-in-chief. A sufficiency review, however, is based on all of the evidence presented at trial. *Tate* at ¶ 18. Here, Mr. Lauer testified in his own defense and admitted to kicking a shelf that belonged to the victim, which caused it to "f[a]ll apart." During the State's cross-examination, Mr. Lauer testified that he did not intend to damage the victim's property, but also maintained that he "should have the right to damage stuff that's in [his] house[.]" As noted, Mr. Lauer's third assignment of error solely challenges the State's failure to prove his identity; he has not argued that the State failed to prove that he acted with the requisite intent. Having reviewed all of the evidence, including Mr. Lauer's testimony, this Court concludes that any rational trier of fact could have found that sufficient evidence existed to prove Mr. Lauer's identity as the person who committed the offense beyond a reasonable doubt. *See Tate* at ¶ 16, 18 (considering the defendant's testimony when analyzing whether sufficient evidence existed to prove identity); *contra Sandercock*, 2018-Ohio-2448, at ¶ 18 (limiting its sufficiency review to the State's case-in-chief). As a result, Mr. Lauer's third assignment of error is overruled.

### III.

{¶15} Mr. Lauer's second assignment of error is sustained. Mr. Lauer's first assignment of error is overruled as moot. Mr. Lauer's third assignment of error is overruled. The judgment of the Wayne County Municipal Court is reversed, and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

SUTTON, P. J.
DISSENTING.

{¶16} I respectfully dissent from the majority's opinion. Specifically, I cannot conclude, on this record, Mr. Lauer's attorney was ineffective for failing to make a Crim.R. 29 motion regarding whether or not the State proved identity in its case-in-chief.

{¶17} The hearing transcript reveals Deputy Schafer testified he responded to a call for service at 10725 Fox Lake Road, Mr. Lauer's residence, and "when Mr. Lauer came to the door he was able to be identified." According to Deputy Schafer, Mr. Lauer was "extremely upset" and "[a]gitated" in relaying what happened, and ultimately admitted to damaging the victim's property.

In testifying at trial, Deputy Schafer, referred to Mr. Lauer, who was present in the courtroom at the defense table, as "*the defendant*, Mr. Lauer." (Emphasis added.) As the majority draft indicates, "[a] witness need not physically point out the defendant in the courtroom as long as there is sufficient direct or circumstantial evidence proving that the defendant was the perpetrator." *Tate*, 2014-Ohio-3667, ¶ 19. Here, Deputy Schafer personally responded to the service call, identified Mr. Lauer at the front door, heard Mr. Lauer admit to damaging the property, saw Mr. Lauer sitting at the defense table in response to the charge, and referred to Mr. Lauer, in the courtroom, as "the defendant, Mr. Lauer." *See State v. Baxla*, 4th Dist. Highland No. 656, 1988 WL 65644, * 4 (June 13, 1988) (the State sufficiently proved identification where "the record indicates that appellant was present at trial, the person committing the offense of driving while under suspension was arrested and charged and appellant appeared at trial in response to the charge, and the testimony referred to appellant as "the defendant[.]").

{¶18} Because I believe the evidence sufficiently proves Mr. Lauer's identity, I would overrule Mr. Lauer's second and third assignments of error and resolve Mr. Lauer's first assignment of error on its merits.

{¶19} Accordingly, I respectfully dissent.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and BRIANNA DIETRY, Assistant Prosecuting Attorney, for Appellee.