[Cite as *State v. Terrell*, 2014-Ohio-4344.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK   COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

MICHAEL TERRELL, SR.

      Defendant-Appellant


Appellate Case No. 2013-CA-102

Trial Court Case No. 13-CR-577

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the     26th     day of      September    , 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. #0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. #0074341, 46 East Franklin Street, Centerville, Ohio 45036
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}   Defendant-appellant Michael Terrell, Sr., appeals from his conviction and sentence for Violating a Protection Order, a fifth-degree felony in violation of R.C.

2919.27(A)(1). Terrell contends that the trial court's judgment is against the manifest weight of the evidence, because the State failed to establish that Terrell was served with a copy of the full protection order which is the one he was accused of violating. Terrell also contends that the imposition of consecutive sentences violates his right to be free from cruel and unusual punishment.

{¶ 2} We conclude that the State failed to prove, beyond a reasonable doubt, that Terrell was served with a copy of the final protection order prior to Terrell's acts that violated the protection order. Accordingly, the judgment of the trial court is Reversed and vacated consistent with this opinion.

### I. Terrell Violates the Terms of a Protection Order

{¶ 3} On April 6, 2012, an ex parte protection order was issued against Michael Terrell, Sr. pursuant to R.C. 3113.31 in Clark County Court of Common Pleas Case No. 12-DP-0293. The ex parte order stated that an ex parte hearing occurred on April 4, 2012, and that a full hearing was scheduled for April 20, 2012. The ex parte order, by its terms, was effective until April 4, 2013. A copy of that order was served on Terrell on April 6, 2012. At the time he was served, Terrell was an inmate in the Clark County Jail.

{¶ 4} Terrell was not present at the April 20th final hearing. At the close of the hearing, the trial court issued a final protection order against Terrell. The final protection order stated that it was in effect until April 20, 2017. Page four of the order directed the Clerk of Courts of Clark County to serve a copy of the final protection order on Terrell "as required by law."

{¶ 5} On August 5, 2013, Terrell violated the terms of the final protection order by

showing up at the residence of the individual who was protected by the terms of the protection order. Terrell subsequently was arrested.

## II. Course of the Proceedings

{¶ 6}   On August 19, 2013, a Clark County Grand Jury indicted Terrell on one count of Violating a Protection Order, in violation of R.C. 2919.27(A)(1), a felony of the fifth degree, for his conduct on August 5, 2013.   Following a jury trial, Terrell was found guilty as charged.   The trial court sentenced Terrell to a prison term of twelve months for violating the protection order. The trial court also ordered Terrell to serve a prison term of twelve months "for the commission of a felony while on post release control consecutive to the sentence for violation of a protection order."   From this judgment Terrell appeals.

## III. The State Failed to Prove, Beyond A Reasonable Doubt, that Terrell Was Served with A Copy of The April 2012 Final Protection Order

{¶ 7}   Terrell's First Assignment of Error states:

THE CONVICTION OF MR. TERRELL IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8}   In this assignment of error, Terrell contends that the State failed to show that a copy of the final protection order was served upon Terrell.   According to Terrell, the jury's verdict was against the manifest weight of the evidence, because the record is "wholly void of evidence as to what order and notifications were given to Mr. Terrell."   Brief, p. 8-9.

**{¶ 9}** "A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." *State v. Cassell*, 2d Dist. Clark No. 09CA0064, 2011-Ohio-23, ¶ 46. When a conviction is challenged on appeal as being against the manifest weight of the evidence, " '[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶ 10}** Terrell was convicted of Violating a Protection Order in violation of R.C. 2919.27(A)(1), which provides that "No person shall recklessly violate the terms of any of the following: (1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code."

**{¶ 11}** In *State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, 989 N.E.2d 972, ¶ 26-27, the Supreme Court of Ohio held that the State, in order to prove that a defendant violated R.C. 2919.27(A), must prove, beyond a reasonable doubt, all requirements of service of a protection order, including the requirement that the order be delivered to the defendant. The Supreme Court concluded, at ¶ 28:

> The requirements of R.C. 2903.214 are incorporated into R.C. 2919.27(A)(2). R.C. 2903.214(F)(1) requires delivery of the [protection order] to the respondent before a violation of R.C. 2919.27(A)(2) can be charged. The only manner by which the court is able to fulfill this mandate is to serve the

[protection order]. Therefore, to sustain a conviction for a violation of a protection order pursuant to R.C. 2919.27(A)(2), the state must establish, beyond a reasonable doubt, that it served the defendant with the order before the alleged violation.

{¶ 12} Although the facts in the case before us differ from the facts in *Smith* because Smith was charged with a violation of R.C. 2919.27(A)(2) rather than (A)(1), a similar requirement of delivery of the protection order is contained in both R.C. 2919.26 and R.C. 3113.31, which are incorporated by reference in R.C. 2919.27(A)(1). *Compare* R.C. 2903.214(F)(1) *with* R.C. 3113.31(F)(1). Consequently, in order to obtain a conviction in this case, the State must prove, beyond a reasonable doubt, that Terrell was served with a copy of the protection order he allegedly violated prior to August 5, 2013, the date on which he engaged in conduct that violated the protection order. *Smith.*

{¶ 13} Two protection orders were admitted into evidence at trial. John C. Thaxton, a deputy sheriff with the Clark County Sheriff's Office, testified that he served a copy of the April 6, 2012 ex parte protection order on Terrell while Terrell was in jail. Terrell acknowledged receipt of this order by signing for it on April 6, 2012. Trial Tr. 89-92; State's Exhibits 3 and 4. The ex parte order was issued in Case No. 12-DP-293 and stated that the terms of the order shall be effective until April 4, 2013.

{¶ 14} Ronald E. Vincent, the Clerk for the Common Pleas Court of Clark County, testified regarding a certified copy of the April 20, 2012 final protection order issued against Terrell in Case No. 12-DP-293. Trial Tr. 81-87. That protection order was issued after a full hearing and provided that the order was effective until April 20, 2017. State's Exhibit 2. Page

four of the final protection order directed the Clerk of Courts of Clark County to serve a copy of the final protection order on Terrell "as required by law."

{¶ 15}   Terrell contends that the State failed to prove that he received a copy of the April 20, 2012 protection order prior to his violation of the order in August 2013.   The State responds that the testimony of Deputy Thaxton establishes that Terrell was served with copies of both the ex parte and final protection orders while Terrell was in prison.

{¶ 16}   Thaxton did not testify that he served Terrell with a copy of the final protection order.   Initially, Thaxton testified that typically what he would serve on a prisoner is a copy of the final protection order rather than the ex parte order.   Trial Tr. 90.   But when asked about what he served in this particular case, Thaxton testified that he served Terrell with a copy of the ex parte protection order.   *Id.* at 92-93.   His testimony reveals he served the order "on 4/6/12 at 1405 hours." *Id.* at 91.That was obviously before the final protection order was issued on April 20, 2012. He did not testify that he also subsequently served Terrell with a copy of the final protection order.   Indeed, during his testimony, Thaxton identified State's Exhibit 4 as the document that he personally served on Terrell and as the document that he typically would serve on an inmate.   Trial Tr. 92-93.   State's Exhibit 4 is a copy of the ex parte protection order, not the final protection order.   The ex parte protection order, by its own terms, expired on April 4, 2013, well before Terrell's conduct on August 5, 2013.

{¶ 17}   Furthermore, the final protection order stated that Terrell did not appear at the final hearing.   The order also directed the clerk of courts to serve a copy of the order on Terrell as required by law.   But there is no evidence in the record that the clerk of courts followed this direction or that any person actually served Terrell with a copy of the order.   Therefore, the State

failed to prove, beyond a reasonable doubt, that Terrell was served with a copy of the final protection order prior to his conduct that violated the protection order. Therefore, Terrell's conviction must be reversed. *Smith*, 2013-Ohio-1698, at ¶ 28. *See also State v. Johnson*, 6th Dist. Wood Nos. WD-13-008 and WD-13-009, 2014-Ohio-2435 (vacating judgments of conviction where the alleged illegal conduct occurred after the expiration of the ex parte protection order and the State failed to prove that a copy of the final protection order was served on defendant prior to his violation of the order).

{¶ 18} Terrell's First Assignment of Error is sustained.

### IV. Terrell's Second Assignment of Error is Overruled As Moot

{¶ 19} Terrell's Second Assignment of Error states:

THE COURT COMMITTED REVERSIBLE PLAIN ERROR AND OTHERWISE ABUSED ITS DISCRETION BY IMPOSING A CLEARLY EXCESSIVE SENTENCE IN VIOLATION OF MR. TERRELL'S U.S. AND OHIO CONSTITUTIONAL [SIC] RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT.

{¶ 20} Based on our disposition of Terrell's First Assignment of Error, we need not address this assignment of error. Consequently, Terrell's Second Assignment of Error is overruled as moot. App.R. 12(A)(1)(c).

### V. Conclusion

{¶ 21} Having sustained Terrell's First Assignment of Error, the judgment of conviction

for Violation of a Protection Order is reversed and vacated. Because that conviction is vacated, the trial court's additional sentence of one year imprisonment for "conviction of. . .a felony", R.C. 2929.141, while on post-release control is also vacated. This appeal and our decision does not address any independent sanction for violation of post-release control imposed upon the defendant by the Ohio Department of Rehabilitation and Correction or the parole board.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.


Copies mailed to:

Ryan A. Saunders
Daniel F. Getty
Hon. Richard J. O'Neill