[Cite as *State v. Meinke*, **2017-Ohio-7787.**]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

      Appellee

      v.

NOLAN P. MEINKE

      Appellant

C.A. Nos.     15CA010738
               15CA010739


APPEAL FROM JUDGMENT
ENTERED IN THE
ELYRIA MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE Nos.   2014 CRB 1323
             2014 CRB 1378

DECISION AND JOURNAL ENTRY

Dated: September 25, 2017

---

HENSAL, Judge.

{¶1} Nolan Meinke appeals his convictions for violating a protection order and domestic violence from the Elyria Municipal Court. This Court reverses.

I.

{¶2} Mr. Meinke and D.G. had a romantic relationship beginning in 2008. They lived together and have a daughter. According to D.G., around the time of her pregnancy, Mr. Meinke developed a substance abuse problem and began acting violently. Although she ended their relationship, Mr. Meinke would not accept that it was over. He began following her, calling her, and texting her incessantly. D.G. testified that Mr. Meinke took things from her house when she was at work and sent her a text image from inside her house of a shotgun along with a message that he was going to kill himself. He also banged on her windows in the middle of the night. Fearing for her safety, D.G. began staying at her parents' house. She also obtained an ex parte

civil protection order against Mr. Meinke pursuant to Revised Code section 3113.31. Among other prohibitions, the protection order prohibited Mr. Meinke from initiating contact with D.G. including "landline, cordless, cellular or digital telephone; text; instant messaging; fax; e-mail; voice mail; delivery service; social networking media; blogging; writings; electronic communications, or communications by any other means directly or through another person."

{¶3} According to D.G., Mr. Meinke was served with the protection order 15 days after she obtained it, while she was on vacation in Florida. D.G. testified that she nevertheless received numerous texts from Mr. Meinke both in Florida and after she returned to Ohio. D.G. took screen shots of some of the messages to the Elyria Police Department. Officers Jacob Webber and Christine Fortune were on duty and met with D.G. As a result of that meeting, Mr. Meinke was charged with domestic violence and violating a protection order in case number 2014CRB01323.

{¶4} Still Mr. Meinke persisted in sending texts to D.G. In response to one incident, Elyria Police Officer Eric Halvorsen met with D.G. She showed Officer Halverson screen shots of Mr. Meinke's texts and informed the officer that she had a protection order against Mr. Meinke. Officer Halvorsen testified that he verified with dispatch that Mr. Meinke had been served with the order and subsequently charged Mr. Meinke with violating a protection order in case number 2014CRB01378.

{¶5} Mr. Meinke pleaded not guilty in both cases, and they proceeded to a jury trial. Following the close of the State's evidence, Mr. Meinke moved for acquittal on the two counts of violating a protection order. He argued that the State failed to prove that he was served with the protection order. The municipal court denied Mr. Meinke's motion.

{¶6}   Mr. Meinke requested "an instruction pursuant to *State v*[.] *Smith*[,] 136 Ohio St[.]3d 1[, 2013-Ohio-1698,] that an additional element to a violation of a protection order type of offense is that there be proof beyond a reasonable doubt of service of the order."   The municipal court denied the request because Mr. Meinke had not submitted a proposed instruction in writing pursuant to Crim.R. 30(A).   After deliberating, the jury found Mr. Meinke guilty of both counts of violating a protection order and guilty of domestic violence.

{¶7}   In case number 2014CRB01323, the municipal court sentenced Mr. Meinke to 180 days in jail for violating a protection order and 30 days in jail for domestic violence.   In case number 2014CRB01378, the court sentenced Mr. Meinke to 180 days in jail for violating a protection order.   The municipal court ordered the sentences to be served consecutively with credit for time served.   Mr. Meinke has appealed, raising three assignments of error.   For ease of discussion, we have rearranged the assignments of error.

## II.

### ASSIGNMENT OF ERROR II

THERE WAS INSUFFICIENT EVIDENCE TO CONVICT THE DEFENDANT OF VIOLATION OF A PROTECTION ORDER R.C. 2919.27 SINCE THE STATE FAILED TO PRESENT EVIDENCE THAT THE DEFENDANT WAS SERVED WITH THE PROTECTION ORDER.

{¶8}   In his second assignment of error, Mr. Meinke argues that there was insufficient evidence that he was served with the protection order before he allegedly violated it.   Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo.   *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.   The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶9}** The jury convicted Mr. Meinke of violating a protection order under Section 2919.27. That statute provides in relevant part that, "[n]o person shall recklessly violate the terms of * * * [a] protection order issued * * * pursuant to section * * * 3113.31 of the Revised Code[.]" R.C. 2919.27(A)(1). In *State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, the Ohio Supreme Court held that "the [S]tate must establish beyond a reasonable doubt that it served the defendant with the [protection] order before the alleged violation." *Id*. at ¶ 20.[1] *See also State v. Terrell*, 2d Dist. Clark No. 2013-CA-102, 2014-Ohio-4344, ¶ 12 (applying *Smith* where protection order was issued pursuant to Section 3113.31).

**{¶10}** Mr. Meinke bases his sufficiency argument on his contention that the witnesses' testimony about service was inadmissible hearsay. Because the State cannot retry a defendant following a reversal on the sufficiency of the evidence, "the interest in the administration of justice dictates that the appellate court review the issue of sufficiency in consideration of *all* evidence presented by the [S]tate in its case in chief, whether such evidence was properly admitted or not." (Emphasis added.) *State v. Vanni*, 9th Dist. Medina No. 08CA0023-M, 2009-Ohio-2295, ¶ 15, citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 19. Thus, we consider all the testimony regardless of any alleged error in its admission.

---

[1] Senate Bill 7, which takes effect on September 27, 2017, adds a new subsection to Section 2919.27 that provides it is not necessary for the State to prove that a protection order was served on the defendant if it proves that the defendant was shown the protection order or that a judge, magistrate, or law enforcement officer informed the defendant that a protection order was issued.

{¶11} Three of the State's witnesses testified that Mr. Meinke was served before the violations, which allegedly occurred between May 4 and May 9, 2014. D.G. testified that, although she had been receiving texts for some time, Mr. Meinke "wasn't served with [the protection order] until April 18th [2014]." Officer Webber testified that, when D.G. was at the police station on May 5, 2014, "[his] partner, [Officer] Fortune, at the time ended up contacting dispatch and confirming that the [protection order] was served[.]" When asked whether Officer Fortune had relayed to him that the protection order had been served, Officer Webber responded affirmatively. Finally, Officer Halvorsen testified that he called dispatch regarding the protection order and determined "04-18-14 is when it was served." He further explained that dispatch "verified there was a paper copy on station in a three-ring binder they keep them in with the defendant's signature on it that he accepted it." Viewing this testimony in a light most favorable to the prosecution, a rational juror could find that Mr. Meinke was served with the protection order prior to his charged violations.

{¶12} Mr. Meinke also argues that the State must prove that service was made in accordance with the Civil Rules and "[a] certified copy of the return would be irrefutable evidence of proper service and of this element." The State responds that this argument goes beyond the holding in *Smith* which requires evidence that the defendant was served, not how he was served. We need not decide this issue because the evidence in this case was sufficient to establish that Mr. Meinke was served in compliance with the Civil Rules.

{¶13} The State is not required to present "irrefutable evidence" to overcome a sufficiency challenge. Rather, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks*, 61 Ohio St.3d 259, at

paragraph two of the syllabus. Moreover, while documentary evidence may be one way to prove service, testimony may also be used. *See State v. Johnson*, 6th Dist. Wood Nos. WD-13-008, WD-13-009, 2014-Ohio-2435, ¶ 14 (evidence was insufficient as there was neither documentary evidence nor testimony).

{¶14} Service of a civil protection order is governed by Civil Rule 65.1(C). In relevant part, the rule provides: "Initial service, and service of any ex parte protection order that is entered, shall be made in accordance with the provisions for personal service of process within this state under Civ.R. 4.1(B) * * *." Civ.R. 65.1(C)(2). Officer Halvorsen testified that "the defendant's signature" was on the protection order, indicating that "he accepted it." From this testimony, a rational juror could find that Mr. Meinke was served personally. Thus, the State presented sufficient evidence that Mr. Meinke was served in compliance with Civ.R. 65.1(C). Mr. Meinke's second assignment of error is overruled.

ASSIGNMENT OF ERROR I

> THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY ON ALL THE ELEMENTS OF VIOLATING A PROTECTION ORDER R.C. 2919.27.

{¶15} In his first assignment of error, Mr. Meinke argues that his convictions should be reversed because the municipal court failed to instruct the jury that service of the protection order was an element of the offense of violating a protection order. "As a general rule, a defendant is entitled to have the jury instructed on all elements that must be proved to establish the crime with which he is charged." *State v. Adams*, 62 Ohio St.2d 151, 153 (1980). Following *Smith*, service of a protection order, "antecedent to the alleged violation, is an essential element that the [S]tate must prove" to establish a violation of R.C. 2919.27. *Johnson* at ¶ 13, citing *Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, at syllabus.

**{¶16}** In the present matter, the municipal court did not provide an instruction regarding service of the protection order. The State argues that any error was harmless, however, because the evidence regarding service was substantial and undisputed. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.").

**{¶17}** Mr. Meinke argues that this situation is not subject to a harmless error analysis because the omitted instruction was for an element of the offense. In support of his argument, he directs our attention to *Hoover v. Garfield Hts. Mun. Court*, 802 F.2d 168 (6th Cir.1986). In *Hoover*, a federal circuit court reviewing a habeas corpus action found that the failure to instruct on an essential element of the crime was a constitutional error to which a harmless-error analysis did not apply. *Id.* at 178.

**{¶18}** Since *Hoover* was decided, however, the United States Supreme Court has found errors "to be 'structural,' and thus subject to automatic reversal, only in a 'very limited class of cases.'" *Neder v. United States*, 527 U.S. 1, 8 (1999), quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997). In *Neder*, the Court noted that "a jury instruction that omits an element of the offense * * * differs markedly from the constitutional violations [the United States Supreme Court has] found to defy harmless-error review." *Neder* at 8. The Court continued: "[A]n instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." (Emphasis sic.) *Id.* at 9. It concluded "that the omission of an element [from the jury instructions] is subject to harmless-error analysis[.]" *Id*. at 10.

**{¶19}** Similarly, the Ohio Supreme Court has held that the failure to instruct the jury on all of the elements of an offense is not a structural error. *State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, ¶ 1. In *Wamsley*, the Court noted that there are two types of constitutional

errors that can occur in a criminal proceeding – trial errors and structural errors. *Id*. at ¶ 15, citing *Arizona v. Fulminante*, 449 U.S. 279, 306-312 (1991). While structural errors are per se cause for reversal, trial errors are reviewable for harmless error. *Id.* It held that the trial court's failure to instruct the jury regarding the culpable mental state as well as "the elements required to establish the underlying offense of assault" did not rise to the level of structural error. *Id*. at ¶ 17, 24.

{¶20} The general test for determining whether a constitutional error is harmless is "whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Neder* at 15, quoting *Chapman v. California*, 386 U.S. 18, 24 (1967). In the specific situation where the trial court has failed to instruct the jury as to all the elements of an offense, the error is harmless if the "omitted element is supported by uncontroverted evidence[.]" *Id*. at 18. In adopting that standard for jury instructions that omit elements of an offense, the Supreme Court reasoned that "this approach reaches an appropriate balance between 'society's interest in punishing the guilty [and] the method by which decisions of guilt are to be made.'" (Alteration sic.) *Id*., quoting *Connecticut v. Johnson*, 460 U.S. 73, 86 (1983).

{¶21} The evidence regarding whether Mr. Meinke was properly served with the protection order was not uncontroverted. Mr. Meinke challenged the witnesses' testimony on that issue both on cross-examination and during his closing argument. Because the jury instructions omitted the element of service, the jury never had to assess the credibility of the challenged testimony.

{¶22} In addition, the evidence establishing that Mr. Meinke was properly served before he allegedly committed the charged offenses was not overwhelming. The State only submitted the hearsay testimony of D.G. and the officers who received her complaints. The State also did

not submit the copy of the protection order that Officer Halvorsen referenced that allegedly contained Mr. Meinke's signature.

{¶23} Accordingly, upon review of the record, we cannot conclude that it is beyond a reasonable doubt that the jury would have found the service element was met if the court had given the appropriate instruction. Mr. Meinke's first assignment of error is sustained.

Assignment of Error Number Three

THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES FOR DOMESTIC VIOLENCE R.C. 2919.25(C) AND FOR VIOLATION OF A PROTECTIVE ORDER SINCE THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶24} In his third assignment of error, Mr. Meinke argues that the offenses of domestic violence and violating a protection order in case number 2014CRB01323 were allied offenses of similar import. In light of our determination of Mr. Meinke's first assignment of error, we conclude that this issue is moot, and it is overruled on that basis. App.R. 12(A)(1)(c).

III.

{¶25} Mr. Meinke's second and third assignments of error are overruled. His first assignment of error is sustained. The judgment of the Elyria Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CANNON, J.
CONCURS.

CARR, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶26} I agree with the majority opinion that Mr. Meinke's convictions for violating a protection order were supported by sufficient evidence. However, I would find that the failure to instruct the jury on service of the protection order was harmless error.

{¶27} The majority finds that the evidence regarding service was not uncontroverted because Mr. Meinke challenged it on cross-examination and during his closing argument. "It is axiomatic that 'statements made by counsel in opening statements and closing arguments are not evidence.'" *State v. Carr*, 9th Dist. Summit No. 26661, 2014-Ohio-806, ¶ 16, quoting *State v. Frazier*, 73 Ohio St.3d 323, 338 (1995).

{¶28} While D.G. and Officer Webber were briefly cross-examined regarding service, their testimony on cross-examination did not negate or contradict their testimony on direct

examination. The third witness who testified regarding service, Officer Halvorsen, was not cross-examined on that issue. This case is unlike *Smith*, wherein the unrefuted evidence was that the defendant was not served the protection order until after his alleged violation. *State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, ¶ 8. In the present case, the jury was presented with three witnesses who testified consistently that they took efforts to confirm, and in fact did confirm, that Mr. Meinke had been served prior to the dates when he violated the protection order.

{¶29} The majority also discounts the witnesses' testimony regarding service as hearsay and notes that the State did not avail itself of other methods to prove service. While Mr. Meinke argued on appeal, in his sufficiency challenge, that the testimony was hearsay, he did not object to this particular testimony below.[2] Therefore, the witnesses' testimony regarding service of the protection order was before the jury as it deliberated.

{¶30} The fact that the State had other methods to prove service is immaterial. The issue is not did the State present the best evidence of service, but whether the failure to instruct on the service element contributed to the verdict. *See Neder v. United States*, 527 U.S. 1, 15 (1999). Based on the substantial and uncontradicted evidence presented in this case, I would find it "clear beyond a reasonable doubt that a rational jury would have found [Mr. Meinke] guilty absent the [failure to instruct on service.]" *See id*. at 18. Consequently, I would find this error was harmless and overrule the first assignment of error.

---

[2] There was one objection, but it came after Officer Webber described "standard operating procedure." The State asked Officer Webber, "what system do you use to determine whether the defendant had received a copy?" The objection was that "[h]e testified that his partner did it." The trial court overruled the objection, and Mr. Meinke has not challenged that ruling on appeal.

**{¶31}** Finally, I would find that Mr. Meinke forfeited his allied offenses argument because he did not raise it in the trial court nor has he argued plain error on appeal. *See State v. Mayfield*, 9th Dist. Summit No. 27655, 2015-Ohio-5375, ¶ 6-7.

**{¶32}** Accordingly, I would overrule all three of Mr. Meinke's assignments of error and affirm the trial court.

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

ZACHARY B. SIMONOFF, Attorney at Law, for Appellant.

SCOTT SERAZIN, Law Director, and MATTHEW MISHAK, Assistant Prosecuting Attorney, for Appellee.