[Cite as *State v. Rust*, 2024-Ohio-5589.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     31080 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RALPH RUST | | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     23 CRB 1328 |

DECISION AND JOURNAL ENTRY

Dated: November 27, 2024

---

FLAGG LANZINGER, Judge.

{¶1}   Ralph Rust appeals his conviction for criminal mischief from the Barberton Municipal Court.  For the following reasons, this Court affirms.

I.

{¶2}   On June 27, 2023, Deputy Rimedio with the Summit County Sheriff's Office cited Rust for one count of criminal mischief in violation of R.C. 2909.07. Rust pleaded not guilty and the matter proceeded to a bench trial.

{¶3}   At trial, the State presented testimony from Deputy Rimedio and two of Rust's next-door neighbors ("Husband" and "Wife").  Wife testified that she and Husband hired Wellert Corporation ("Wellert") to perform a boundary retracement survey of their property because they wanted to extend their privacy fence.  The State presented a copy of the contract Wife executed with Wellert as an exhibit.  The contract indicated that the survey would meet or exceed the

minimum standards for boundary surveys under the Ohio Administrative Code. The cost of the survey was $1,800.

{¶4} Wellert performed the survey on June 26, 2023. In doing so, Wellert placed several stakes on Husband and Wife's property to mark their boundary line. The stakes were wooden with fluorescent pink ribbons on the top. Wife testified that Wellert later recorded the survey with the Summit County Fiscal Office.

{¶5} The morning after Wellert placed the wooden stakes in the ground, Husband noticed that four or five stakes had been removed from the ground and were laying in their yard. Husband and Wife reviewed their doorbell camera footage, which showed that Rust pulled the stakes out of the ground around 7:00 a.m. The State played this footage at trial. There was no dispute that the footage reflected Rust pulling the wooden stakes out of the ground.

{¶6} After viewing the doorbell camera footage, Husband called the Sheriff's Office. Deputy Rimedio responded to the scene and spoke with Husband. Deputy Rimedio then spoke on the phone with the owner of Wellert. The owner confirmed that the survey, including the placement of the stakes, was accurate. Deputy Rimedio then spoke with Rust.

{¶7} According to Deputy Rimedio, Rust told him that he pulled the stakes out of the ground because Wellert placed the stakes 15 inches into his property. Deputy Rimedio testified that Rust did not provide any support for his claim that Wellert's survey, or the placement of the stakes, was inaccurate. Deputy Rimedio cited Rust for criminal mischief in violation of R.C. 2909.07(A)(3). After the incident, Wife paid Wellert $750 to place permanent boundary markers along their property line.

{¶8} After the State rested, Rust's counsel moved for acquittal under Crim.R. 29. Rust's counsel argued that the wooden stakes Rust removed did not fall within the definition of

"monument" as set forth in the Adm.Code 4733-37-03(C). As result, counsel argued that Rust's removal of the wooden stakes did not constitute criminal mischief under R.C. 2909.07(A)(3). In support of his argument, Rust's counsel relied upon the Fifth District's decision in *State v. Ross*, 2010-Ohio-2931 (5th Dist.), for the proposition that wooden stakes with pink ribbons on them are not boundary or survey markers for purposes of R.C. 2909.07(A)(3).

{¶9} In response, the State argued that the Fifth District's decision in *Ross* was distinguishable because the holding turned on the fact that a non-registered surveyor placed the wooden stakes at issue. The State argued that Wellert was a registered surveyor, and that Wellert recorded its survey with the Summit County Fiscal Office. The State concluded that Rust's removal of the wooden stakes constituted criminal mischief under R.C. 2909.07(A)(3).

{¶10} The trial court denied Rust's Crim.R. 29 motion. Rust did not present any witnesses or evidence in his defense. The trial court took the matter under advisement and issued a written decision about one week later.

{¶11} In its written decision, the trial court held that the wooden stakes Wellert used to designate the property line were "other survey . . . marker[s]" for purposes of R.C. 2909.07(A)(3). In reaching this conclusion, the trial court rejected Rust's reliance on the Fifth District's decision in *Ross*. The trial court explained that *Ross* was factually distinguishable because the wooden stakes in that case were not placed by a registered surveyor.

{¶12} The trial court found Rust guilty of criminal mischief under R.C. 2909.07(A)(3). The trial court imposed a $50 fine and ordered Rust to pay court costs. The trial court also ordered Rust to pay $750 in restitution to Husband and Wife. The trial court further imposed a 60-day jail sentence, which it suspended, and five years of non-reporting probation.

{¶13} Rust now appeals, raising two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE DEFENDANT'S CONVICTION FOR CRIMINAL MISCHIEF IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶14} In his first assignment of error, Rust argues that the State failed to present sufficient evidence in support of his conviction for criminal mischief. For the following reasons, this Court disagrees.

{¶15} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶16} R.C. 2909.07(A)(3) provides that "[n]o person shall . . . [w]ithout privilege to do so, knowingly move . . . a bench mark, triangulation station, boundary marker, or other survey station, monument, or marker . . . ." Rust's challenge to the sufficiency of the evidence rests on his position that wooden stakes with fluorescent pink ties on them do not constitute a "boundary marker, or other survey station, monument, or marker . . ." for purposes of R.C. 2909.07(A)(3).

{¶17} In support of his argument, Rust asserts that this Court must: (1) strictly construe R.C. 2909.07(A)(3) against the State; (2) construe "monument" under R.C. 2909.07(A)(3) in accordance with Adm.Code 4733-37-03(C); and (3) apply the rule of *ejusdem generis* to conclude that "bench mark, triangulation station, [and] boundary marker" modify "other . . . marker" under

R.C. 2909.07(A)(3). Rust again relies upon the Fifth District's decision *Ross*, and argues that the temporary nature of the wooden stakes in the case precludes a conviction under R.C. 2909.07(A)(3).

{¶18} Rust's arguments lack merit. Initially, Rust's reliance upon the Fifth District's decision in *Ross* is misplaced. In *Ross*, the Fifth District held that "temporary wooden stakes *placed by a non-registered surveyor* who is an employee of a company hired to cut down trees on the property are not the type of boundary or survey markers contemplated within R.C. 2909.07(A)(3)." (Emphasis added.) *Ross*, 2010-Ohio-2931, at ¶ 43 (5th Dist.). Here, the State presented evidence indicating that Wellert performed a boundary survey of Husband and Wife's property pursuant to the standards set forth in the Ohio Administrative Code, which Wellert later filed with the Summit County Fiscal Office. The State also presented evidence that Wellert placed the wooden stakes into the ground consistent with its survey, and that Rust removed them without Husband of Wife's permission. Despite Rust's arguments to the contrary, this Court concludes that—viewing the evidence in a light most favorable to the State—the State presented sufficient evidence for a rational trier of fact to conclude that the State proved the essential elements of criminal mischief beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d at paragraph two of the syllabus. Rust's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE DEFENDANT'S CONVICTION FOR CRIMINAL MISCHIEF WAS BASED ON INADMISSIBLE HEARSAY EVIDENCE.

{¶19} In his second assignment of error, Rust argues that the trial court based its decision on inadmissible hearsay testimony. Specifically, Rust argues that the trial court relied upon Deputy Rimedio's testimony that he spoke with the owner of Wellert, who confirmed the accuracy

of the survey and the placement of the wooden stakes. Rust argues that this testimony constituted inadmissible hearsay, and that it violated his rights under the Confrontation Clause.

{¶20} On appeal, Rust has solely challenged the sufficiency of the evidence presented at trial. In conducting a sufficiency analysis, this Court considers all of the evidence presented at trial, even if the evidence was improperly admitted. *State v. Lauer*, 2023-Ohio-1076, ¶ 11 (9th Dist.). Assuming without deciding that the trial court erred by relying on improperly admitted testimony, Rust has not established that his conviction was not supported by sufficient evidence. *See State v. Meinke*, 2017-Ohio-7787, ¶ 10 (9th Dist.).

{¶21} To the extent Rust's argument can be construed as challenging more than the sufficiency of the evidence, his argument lacks merit. Assuming without deciding that the trial court erred by relying on Deputy Rimedio's testimony about his conversation with the owner of Wellert, any error in that regard was harmless beyond a reasonable doubt. *See State v. Conway*, 2006-Ohio-791, ¶ 78; *State v. Calhoun*, 2021-Ohio-1713, ¶ 14 (9th Dist.). As explained above, the State presented evidence indicating that Wellert performed a boundary survey of Husband and Wife's property pursuant to the standards set forth in the Ohio Administrative Code, which Wellert later filed with the Summit County Fiscal Office. The State also presented evidence that Wellert placed the wooden stakes into the ground consistent with its survey, and that Rust removed them without Husband of Wife's permission.

{¶22} The State elicited the above evidence through Husband and Wife's testimony, as well as the exhibits the State introduced. Considering this evidence, this Court concludes that any error in the admission of Deputy Rimedio's testimony about his conversation with the owner of Wellert was harmless beyond a reasonable doubt. *See* R.C. 2909.07(A)(3). Accordingly, Rust's second assignment of error is overruled.

## III.

**{¶23}** Rust's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANDREW KARAS and ANDREW KARPINSKI, Attorneys at Law, for Appellant.

KELLY L. PARKER, Assistant Prosecuting Attorney, for Appellee.